IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **LONE STAR HOME BUYERS, LLC**<br>    Plaintiff.<br><br>v.<br><br>**MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., ONE REVERSE MORTGAGE LLC., PHH MORTAGE CORPORATION, and their successors and assigns,**<br>    Defendants.<br><br>**PHH MORTGAGE CORPORATION**<br>    Counter-Plaintiff<br><br>v.<br><br>**LONE STAR HOME BUYERS LLC**<br>    Counter-Defendant<br><br>and<br><br>**INGRID C. FORREST**<br>    Third-Party Defendant | §§§§§§§§§§§§§§§§§§§§§§§§§§<br><br>Civil Action No. 4:25-cv-00211 |

<u>**ORIGINAL ANSWER, COUNTERCLAIM, AND THIRD-PARTY CLAIM**
**OF PHH MORTGAGE CORPORATION**</u>

**COMES NOW,** Defendant/Counter-Plaintiff PHH Mortgage Corporation ("PHH" or "Defendant"), and file this its *Original Answer, Counterclaim* against Lone Star Home Buyers, LLC, and *Third-Party Claim* against Ingrid C. Forrest and show as follows:

### I.   ANSWER

1. Paragraph 1 of the Petition contains a statement regarding a state court discovery control plan, which is not applicable to this action that is now pending in this Court.

2. Defendant admits the statements and allegations in Paragraph 2 of the Petition.

3. Defendant does not have sufficient information to admit or deny the statements in Paragraph 3 of the Petition.

4. Defendant does not have sufficient information to admit or deny the statements in Paragraph 4 of the Petition.

5. Defendant admits the statements and allegations in Paragraph 5 of the Petition.

6. With respect to the statements and allegations in Paragraph 6 of the Petition, Defendant states this Court has subject matter jurisdiction over this action.

7. Paragraph 7 contains a statement of relief to which no response is required. To the extent a response is required, Defendant denies Plaintiff is entitled to the relief requested therein.

8. Paragraph 8 of the Petition contains a citation to statute to which no response is required. To the extent a response is required, Defendant denies the statements and allegations in Paragraph 8 and demands strict proof thereof.

9. Paragraph 9 contains a statement of relief to which no response is required. To the extent a response is required, Defendant denies Plaintiff is entitled to the relief requested therein.

10. Paragraph 10 contains a statement of relief to which no response is required. To the extent a response is required, Defendant denies Plaintiff is entitled to the relief requested therein.

11. With respect to the statements and allegations in Paragraph 11 of the Petition, Defendant states this Court has jurisdiction over the parties.

12. With respect to the statements and allegations in Paragraph 12 of the Petition, Defendant states this Court has jurisdiction over the parties.

13. With respect to the statements and allegations in 13 of the Petition, Defendants states this Court is the proper venue for this action because it concerns real property and improvements located in Harris County, Texas.

14. With respect to the statements and allegations in 14 of the Petition, Defendants states this Court is the proper venue for this action because it concerns real property and improvements located in Harris County, Texas.

15. Defendant denies the statements and allegations in Paragraph 15 and demands strict proof thereof.

16. Defendant admits the statements and allegations in Paragraph 16 of the Petition.

17. Defendant admits the statements and allegations in Paragraph 17 of the Petition.

18. Defendant admits the statements and allegations in Paragraph 18 of the Petition.

19. Defendant does not have sufficient information to admit or deny the statements and allegations in Paragraph 19 of the Petition. To the extent a response is required, Defendant denies the statements in this paragraph and demands strict proof thereof.

20. Defendant denies the statements and allegations in Paragraph 20 and demands strict proof thereof.

21. Defendant does not have sufficient information to admit or deny the statements and allegations in Paragraph 21 of the Petition. To the extent a response is required, Defendant denies the statements in this paragraph and demands strict proof thereof.

22. Defendant does not have sufficient information to admit or deny the statements and allegations in Paragraph 22 of the Petition. To the extent a response is required, Defendant denies the statements in this paragraph and demands strict proof thereof.

23. Defendant admits the Property was previously listed for a scheduled foreclosure sale on January 7, 2025.

24. Defendant does not have sufficient information to admit or deny the statements and allegations in Paragraph 24 of the Petition. To the extent a response is required, Defendant denies the statements in this paragraph and demands strict proof thereof.

25. Defendant incorporates its previous responses above.

26. Paragraph 26 of the Petition contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the statements and allegations in this paragraph and demands strict proof thereof.

27. Defendant denies the statements and allegations in Paragraph 27 and demands strict proof thereof.

28. Defendant incorporates its previous responses above.

29. Paragraph 29 of the Petition contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the statements and allegations in this paragraph and demands strict proof thereof.

30. Paragraph 30 of the Petition contains citation to statute and legal conclusions to which no response is required. To the extent a response is required, Defendant denies the statements and allegations in this paragraph and demands strict proof thereof.

31. Paragraph 31 of the Petition contains citation to statute and legal conclusions to which no response is required. To the extent a response is required, Defendant denies the statements and allegations in this paragraph and demands strict proof thereof.

32. Paragraph 32 of the Petition contains citation to statute to which no response is required. To the extent a response is required, Defendant denies the statements and allegations in this paragraph and demands strict proof thereof.

33. Defendant denies the statements and allegations in Paragraph 33 and demands strict proof thereof.

34. Paragraph 34 contains a statement of relief to which no response is required. To the extent a response is required, Defendant denies Plaintiff is entitled to the relief requested therein.

35. Defendant incorporates its previous responses above.

36. Paragraph 36 of the Petition contains citation to statute to which no response is required. To the extent a response is required, Defendant denies the statements and allegations in this paragraph and demands strict proof thereof.

37. Defendant denies the statements and allegations in Paragraph 37 and demands strict proof thereof.

38. Paragraph 38 contains a statement of relief to which no response is required. To the extent a response is required, Defendant denies Plaintiff is entitled to the relief requested therein.

39. Paragraph 39 of the Petition contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the statements and allegations in this paragraph and demands strict proof thereof.

40. Paragraph 40 contains a statement of relief to which no response is required. To the extent a response is required, Defendant denies Plaintiff is entitled to the relief requested therein.

41. Paragraph 41 contains a statement of relief to which no response is required. To the extent a response is required, Defendant denies Plaintiff is entitled to the relief requested therein.

42. Paragraph 42 contains plaintiff's jury demand to which no response is required.

43. Paragraph 43 contains a prayer for relief to which no response is required. To the extent a response is required, Defendant denies Plaintiff is entitled to the relief requested therein.

## II. AFFIRMATIVE DEFENSES

Defendant raises the following defenses:

1. Some or all of Plaintiff's claims and causes of action are barred, in whole or in part, because Plaintiff has failed to state a claim upon which relief may be granted.

2. Some or all of Plaintiff's claims and causes of action are barred, in whole or in part, because one or more of the material obligations of the note and security instrument have not been satisfied.

3. Some or all of Plaintiff's claims and causes of action are barred, in whole or in part, by the equitable doctrine of waiver.

4. Some or all of Plaintiff's claims and causes of action are barred, in whole or in part, by the Parol Evidence Rule.

5. Some or all of Plaintiff's claims and causes of action are barred, in whole or in part, by the applicable statute of limitations.

6. Some or all of Plaintiff's claims and causes of action are barred, in whole or in part, by the waiver provisions contained in the security instrument at issue in this lawsuit.

7. Some or all of Plaintiff's claims and causes of action are barred, in whole or in part, by the failure of a condition precedent.

8. Some or all of Plaintiff's claims and causes of action are barred, in whole or in part, by his prior material breach of the loan agreement.

9. While Defendant denies that Plaintiff suffered any injury, any injury sustained by Plaintiff is the result of the acts or omissions of third parties, over which Defendant exercised no control.

10. While Defendant denies that Plaintiff suffered any damages, Plaintiff's damages, if any, were proximately caused by the acts, omissions, or breaches of other persons and entities, including Plaintiff, and said acts, omissions, or breaches were intervening and superseding causes of Plaintiff's damages, if any.

11. Some or all of Plaintiff's claims and causes of action are barred, in whole or in part, by the "one satisfaction" and "con-tort" doctrines.

12. Some or all of Plaintiff's claims and causes of action are barred, in whole or in part, by the "economic loss" doctrine.

13. Defendant claims all offsets and credits available to it.

14. Some or all of Plaintiff's claims and causes of action are barred by the doctrines of judicial estoppel, res judicata, and collateral estoppel.

15. Some or all of Plaintiff's claims and causes of action are barred by the doctrine of equitable estoppel.

16. Plaintiff's damages, if any, were proximately caused by the acts, omissions, or breaches of other persons and entities, including Plaintiff, and these acts, omissions, or breaches were intervening and superseding causes of Plaintiff's damages, if any. Defendant claims the right to a determination of proportionate responsibility as provided in Chapter 33 of the Texas Civil Practice and Remedies Code.

## III. COUNTERCLAIM AND THIRD-PARTY CLAIM

**A.   Parties**

1. Plaintiff/Counter-Defendant Lone Star Home Buyers, LLC has previously appeared herein through counsel and may be served through counsel of record.

2. Third-Party Defendant Ingrid C. Forrest is an individual who resides in Texas and may be served with process at her residence, 1617 Fountain View Dr. Apt. 87, Houston, Texas 77057. Citation is requested.

3. Defendant/Counter-Plaintiff PHH Mortgage Corporation has previously appeared herein through the undersigned counsel.

**B.   Property**

4. This proceeding concerns the real property and improvements commonly known as 15686 Barkers Landing Road, Houston, Texas 77079, and more particularly described as:

> LOT TWENTY-SEVEN (27) IN BARKER COURT, A TOWNHOUSE DEVELOPMENT IN HARRIS COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT THEREOF RECORDED IN VOLUME 257, PAGE 79 MAP RECORDS, HARRIS COUNTY, TEXAS. (the "Property").

**C.   Jurisdiction and Venue**

5. This Court has subject matter jurisdiction over this cause because this suit concerns real property located within Harris County, Texas and the amount in controversy exceeds the minimum jurisdiction of this Court.

6. Venue is proper in Harris County, Texas, pursuant to Section 15.011 of the Texas Civil Practice & Remedies Code in that this action involves title to real property located Harris County, Texas.

**D.   Facts**

7. The foregoing paragraphs are incorporated by reference for all purposes.

8. On or about March 22, 2012, Ingrid C. Forrest ("Borrower") executed an *Adjustable-Rate Note Home Equity Conversion*[1] ("Note") in the original principal balance of $322,500.00 that was originally payable to One Reverse Mortgage, LLC ("ORM").

9. The Note was secured with a lien on the Property by an *Adjustable Rate Home Equity Conversion Deed of Trus*[2]*t* ("Security Instrument", together with the Note, the "Loan") in favor of OMR, which was recorded on April 12, 2012 in the official public records of Harris County, Texas as Instrument No. 20120157636.

10. MERS as nominee for ORM assigned the Note and Security Instrument to Traditional Mortgage Acceptance Corp. ("TMAC") as evidenced by the *Assignment of Deed of Trust*[3] recorded on August 8, 2022 in the official records of Harris County, Texas as Instrument No. RP-2022-404650.

11. Subsequently, TMAC assigned the Note and Security Instrument to Onity Loan Acquisition Trust 2024-HB2 ("Onity") as evidenced by the *Assignment of Deed of Trust*[4] recorded on October 31, 2024, in the official records of Harris County, Texas as Instrument No. RP-2024-404423.

12. PHH is the current servicer on behalf of Onity.

13. On June 1, 2023, Borrower conveyed the Property to Lone Star Home Buyers, LLC via *General Warranty Deed*[5] recorded in the official records of Harris County, Texas as Instrument No. RP-2023-201629.

14. The Loan provides that Lender may require immediate payment-in-full of all sums secured by this Security Instrument if all of the Borrower's title in the Property is sold or

---

[1] Exhibit A - Note
[2] Exhibit B – Deed of Trust
[3] Exhibit C- First Assignment
[4] Exhibit D – Second Assignment
[5] Exhibit E – General Warranty Deed

otherwise transferred and no other Borrower retains title to the Property. See Exhibit B at ¶ 9(a)(ii).

15. Borrower defaulted under the terms of the Loan when she conveyed all of her interest in the Property to Lone Star Home Buyers LLC. Accordingly, on October 24, 2024, PHH sent a *Home Equity Conversion Mortgage Due and Payable Notice*[6] ("Notice of Default") to Borrower via certified mail in accordance with the Loan Agreement and the Texas Property Code.

16. The default was not cured, and the maturity of the Note was accelerated. On November 26, 2024, PHH, through its counsel, sent a *Notice of Acceleration of Loan Maturity*[7] ("Notice of Acceleration") to Borrower and Lone Star Home Buyers LLC in accordance with the Loan Agreement and the Texas Property Code.

17. On December 5, 2024, Lone Star Home Buyers LLC and Borrower were both provided a *Notice of Foreclosure Sale*[8] for a foreclosure sale to occur on January 7, 2025. The January 7, 2025 foreclosure sale did not occur because Lone Star Home Buyers LLC obtained a Temporary Restraining Order in the morning of January 7, 2025 from the State Court before the sale occurred.

E.   **Cause of Action: Suit for Foreclosure**

18. The foregoing paragraphs are incorporated by reference for all purposes.

19. PHH asserts a cause of action for foreclosure against Borrower. The Loan is a contract, and PHH fully performed its obligations under it. Borrower however, did not comply with the Loan by failing to substantially perform material obligations required under its terms (principally, transferring her entire interest in the Property).

---

[6] Exhibit F – Notice of Default
[7] Exhibit G – Notice of Acceleration
[8] Exhibit H – Notice of Foreclosure Sale

20. PHH seeks a judgment for judicial foreclosure allowing it to enforce its lien against the Property in accordance with the Security Instrument and Texas Property Code section 51.002.

21. Alternatively, PHH seeks a judgment for foreclosure together with an order of sale issued to the Harris County sheriff or constable, directing the sheriff or constable to seize and sell the Property in satisfaction of the Loan Agreement debt, pursuant to Texas Rule of Civil Procedure 309.

22. PHH has been forced to hire the undersigned attorneys to seek an order allowing foreclosure as a result of Borrower's failure to comply with the Loan. PHH is therefore entitled to and seeks judgment against Borrower for its reasonable attorney fees in this action, both through trial and in the event of a subsequent appeal, as further obligation on the debt under the Loan only and not as a personal judgment against Plaintiff.

23. All conditions precedent to Defendant's right to enforce the Loan and to obtain the relief requested herein have been performed or have occurred.

**F.   Cause of Action - Declaratory Judgment**

24. The foregoing paragraphs are incorporated by reference for all purposes.

25. The federal Declaratory Judgment Act states, "[i]n a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201. Federal courts have broad discretion to grant or refuse declaratory judgment. *Torch, Inc. v. LeBlanc*, 947 F.2d 193, 194 (5th Cir. 1991). "Since its inception, the Declaratory Judgment Act has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the

rights of litigants." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286, 115 S. Ct. 2137, 132 L. Ed. 2d 214 (1995).

26.     PHH seeks a declaratory judgment that Borrower was provided with all required notices of default, acceleration and foreclosure sale required by law and that PHH have and recover a judgment for it to proceed with a non-judicial foreclosure sale of the Property due to the payment default on the Note. PHH further seeks a declaration that such foreclosure sale will divest Lone Star Home Buyers LLC of any purported ownership interest it may have in the Property as the General Warranty Deed she allegedly received from Borrower is subject to the lienholder's Deed of Trust.

**WHEREFORE, PREMISES CONSIDERED**, PHH prays the Court enter judgment that: Lone Star Home Buyers LLC take nothing on their claims and that PHH have and recover a declaratory judgment that it may proceed with a non-judicial foreclosure sale of the Property and that Lone Star Home Buyer LLC's interest in the Property is subject to and inferior to PHH's interest. PHH further requests such other and further relief to which it may be entitled.

Respectfully submitted,

By: */s/ Nicholas M. Frame*
**NICHOLAS M. FRAME**
Texas Bar No. 24093448
Southern District Admission #3121681
nframe@mwzmlaw.com

**CRYSTAL G. GIBSON**
Texas Bar No. 24027322
Southern District Admission #706039
cgibson@mwzmlaw.com

**MACKIE WOLF ZIENTZ & MANN, P.C.**
14160 North Dallas Parkway, Suite 900
Dallas, TX 75254
Telephone: (214) 635-2650
Facsimile: (214) 635-2686
*Attorneys for Defendant, PHH*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on January 24, 2025, a true and correct copy of the foregoing was served via regular U.S. mail on the following:

Marcella A. Hagger
Texas Bar No. 24093391
5718 Westheimer Rd., Ste 1000
Houston, Texas 77057
Tel. (832) 305-7677
Fax. (281) 848-6702
mahagger.legal@gmail.com
*Attorney for Plaintiff*

                                                    */s/ Nicholas M. Frame*
                                                    **NICHOLAS M. FRAME**